UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

DAVID POIRIER,
        Plaintiff,

v.

STEPHEN C. LIMONE,
        Defendant

CIVIL ACTION NO. 05-10276

RECEIPT # 62068
AMOUNT $250
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE 2/10/05

## COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiff, David Poirier ("Mr. Poirier"), is an individual who resides in Atkinson, New Hampshire.

2. Defendant, Stephen C. Limone ("Attorney Limone"), is an individual who resides in Melrose, Middlesex County, Massachusetts.

### JURISDICTION and VENUE

3. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction because the matter in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different states. Pursuant to 28 U.S.C. § 1391(a), venue is proper in this district because all of the events giving rise to this lawsuit occurred in this judicial district and the defendant is subject to personal jurisdiction in this judicial district.

### FACTS

4. EGB Rent-A-Car, Inc. ("EGB") is a for-profit corporation, duly organized under the laws of the Commonwealth of Massachusetts with its principal place of business at 161 Broadway, Somerville, Massachusetts. Its purpose is to rent automobiles. Prior to January 1, 2005 Ercole Buzzanga ("Mr. Buzzanga") was the sole owner of EGB.

-1-

5. Affordable Auto Sales, Inc. ("AAS") is a for-profit corporation, duly organized under the laws of the Commonwealth of Massachusetts with its principle place of business at 682 Mystic Avenue, Somerville, Massachusetts. Its purpose is to sell pre-owned automobiles. Prior to January 1, 2005 Mr. Buzzanga was the sole owner of AAS.

6. Over several weeks prior to December 1, 2004, Mr. Poirier explored the possibility of acquiring EGB and AAS from Mr. Buzzanga. During the course of this exploration, he learned that Attorney Limone was Mr. Buzzanga's lawyer and had been for some period of time.

7. By December 1, 2004 Mr. Poirier decided to try to buy EGB and AAS. On December 31, 2004 Mr. Poirier entered into a Stock Purchase Agreement, effective as of December 1, 2004, with Mr. Buzzanga to purchase 10,000 shares of common stock, no par value, of EGB and 50 shares of common stock, no par value, of AAS, constituting all of the issued and outstanding capital stock of EGB and AAS, respectively.

8. The closing of the transaction occurred on December 31, 2004.

9. As consideration for the sale, transfer, and delivery to Mr. Poirier of the shares of stock of EGB and AAS, Mr. Poirier delivered to seller, Mr. Buzzanga, funds aggregating $100,000 and a promissory note in the amount of $542,500.

10. At the suggestion of Attorney Limone, Mr Poirier was asked if he wished to have Attorney Limone represent him as well as the seller, with whom Attorney Limone had a pre-existing relationship. Mr. Poirier accepted this suggestion.

11. Attorney Limone received $2,677.50 a piece from Mr. Poirier and Mr. Buzzanga as

his fee for legal services provided to both buyer and seller with respect to the transaction.

12. On or about January 3, 2005, Mr. Poirier learned that the liability policy of insurance issued by Empire/Zurich on EGB's fleet of automobiles would not be renewed upon its expiration on January 18, 2005 because of underwriting risks that were unacceptable to Empire/Zurich.

13. Attorney Limone, by his own admission, had been aware prior to the December 31, 2004 closing that Mr. Buzzanga had received notice of cancellation of the automobile liability insurance of EGB. Notwithstanding his obligation to protect the interests of his client, Mr. Poirier, Attorney Limone failed to relay this information to Mr. Poirier.

14. While representing buyer and seller in the same transaction, Attorney Limone favored one over the other.

15. Due to the cancellation of the automobile liability insurance policy, EGB's vehicles cannot be permitted on Massachusetts roads and therefore cannot be rented.

16. Due to the cancellation of the automobile liability insurance policy, EGB does not have any cash flow and has lost its only source of income.

17. As a result of the lack of cash flow from automobile rentals, EGB is unable to provide financial support to AAS. AAS, therefore, has been rendered economically unable to operate.

## COUNT I
## BREACH OF FIDUCIARY DUTY

18. The plaintiff incorporates by reference paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19. Attorney Limone knew prior to the December 31, 2004 closing that the automobile liability insurance of EGB would not be renewed upon its expiration on January 18, 2005 because of underwriting risks that were unacceptable to Empire/Zurich.

20. Attorney Limone failed to inform Mr. Poirier of the imminent termination of the automobile liability insurance of EGB.

21. Attorney Limone failed to do anything prior to the December 31, 2004 closing to determine whether Mr. Buzzanga had resolved this automobile liability insurance problem.

22. Attorney Limone kept silent while his client, Mr. Poirier, consummated the transaction even though Attorney Limone knew that the termination of the automobile liability insurance of EGB was imminent.

23. Attorney Limone kept silent while his client, Mr. Poirier, consummated the transaction even though Attorney Limone was fully aware of Mr. Buzzanga's breach of Section 2.10 of the "Stock Purchase Agreement." That section, which Attorney Limone drafted as counsel to both seller and buyer, contains Mr. Buzzanga's representation that there has been no material adverse change in the assets, operations, conditions or prospects of the business.

24. Attorney Limone kept silent while his client, Mr. Poirier, consummated the

transaction even though he was fully aware of Mr. Buzzanga's breach of Section 2.11 of the "Stock Purchase Agreement." That section contains seller's representation that the business is not in violation of any applicable state laws, the violation of which would materially and adversely affect the assets, business, operations, or condition of the business. The rental of motor vehicles in Massachusetts without liability insurance is illegal.

25. Attorney Limone kept silent while his client, Mr. Poirier, consummated the transaction even though Attorney Limone was fully aware of Mr. Buzzanga's breach of Section 2.14 of the "Stock Purchase Agreement." That section contained seller's representation that the business had good title, effective leases and valid licenses to hold and use vehicles and that there was no event which, with the passage of time, would constitute a default under any such instrument.

26. Attorney Limone failed to represent the interests of his client, Mr. Poirier, zealously.

27. Attorney Limone failed to explain to Mr. Poirier the status of the operations of EGB and AAS so that Mr. Poirier could make informed decisions.

28. Attorney Limone failed to exercise independent judgment or to render candid advice for the benefit of his client, Mr. Poirier.

29. All of Attorney Limone's acts and/or omissions, described above, constituted breaches of his fiduciary duty to Mr. Poirier.

30. Attorney Limone's acts and/or omissions, described above, caused Mr. Poirier harm.

31. Mr. Poirier would not have been obligated to proceed and would not have proceeded with the transaction had Attorney Limone performed his professional responsibilities

to Mr. Poirier. As a result of Attorney Limone's breaches, Mr. Poirier's damages are mounting daily.

32. In addition to Mr. Poirier's $100,000 cash payment given to Mr. Buzzanga, Mr. Buzzanga continues to hold the promissory note in the amount of $542,500.

33. Mr. Poirier has had to lend the business approximately $11,200.

34. In order to put himself in a position to buy EGB and AAS, Mr. Poirier incurred financing costs, in the form of withdrawal fees and taxes in respect of qualified pension plan assets, of about $39,000.

35. Mr. Poirier paid $2,677.50 to Attorney Limone for legal services provided in connection with the transaction .

36. Mr. Poirier has incurred other attorney's fees in connection with his efforts either to salvage the business or minimize the costs of closing the business.

37. In order to operate EGB and AAS, Mr. Poirier quit his job at Textron Systems where he had worked successfully for over 20 years. Mr. Poirier's job at Textron Systems provided him with salary and benefits of $132,750.

WHEREFORE, plaintiff, David Poirier, demands judgment from the defendant, Stephen C. Limone, for all of his damages in an amount to be determined by a jury at trial.

## COUNT II
## VIOLATION OF G.L. c.93A §§ 2 and 11

38. The plaintiff incorporates by reference paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. Attorney Limone engages in a trade or commerce as an attorney.

40. All of Attorney Limone's actions, described in paragraphs 20 through 29, constitute unfair or deceptive acts or practices in violation of M.G.L. c. 93A §§ 2 and 11.

41. The actions and transactions constituting the unfair or deceptive act or practice occurred primarily and substantially within the Commonwealth of Massachusetts.

42. All of Attorney Limone's violations of M.G.L. c. 93A §§ 2 and 11 as described above were knowing and intentional.

43. All of Attorney Limone's violations of c. 93A as described above have caused Mr. Poirier harm in excess of $828,127.50, as described in paragraphs 30 through 37, as well as attorneys' fees and costs.

WHEREFORE, plaintiff David Poirier demands judgment against defendant Stephen C. Limone for all of his damages, a doubling or trebling of these damages pursuant to M.G.L. c. 93A, attorneys' fees and costs pursuant to M.G.L. c. 93A and such further relief as this Court deems just and proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE

Respectfully submitted,

DAVID POIRIER,
By his attorneys,

*Stephanie L. Moon*
James L. Ackerman, BBO # 011650
Stephanie L. Moon, BBO # 652879
WADLAND & ACKERMAN
Two Dundee Park, Suite 304
Andover, MA 01810-3726
(978) 474-8880

Dated: February 9, 2005

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
David Poirier

## DEFENDANTS
Stephen C. Limone

2005 FEB 10 P 1:21
U.S. DISTRICT COURT
DISTRICT OF MASS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: New Hampshire
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Middlesex County, Massachusetts
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 978-474-8880
James L. Ackerman, BBO 011650
Stephanie L. Moon, BBO 652879
Wadland & Ackerman
Two Dundee Park, Ste. 304, Andover, MA 01810

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
|  | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
|  | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☒ 380 Other Personal Property Damage |  |  | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract |  |  | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land |  | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other |  |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  |  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff alleges breaches of fiduciary duty by attorney and violations of M.G.L. c. 93A §§ 2 and 11.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
None

JUDGE _____   DOCKET NUMBER _____

DATE: February 9, 2005

SIGNATURE OF ATTORNEY OF RECORD: Stephanie L. Moon

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __David Poirier v. Stephen Limone__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?   n/a
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   n/a    YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __James L. Ackerman, BBO #011650    Stephanie L. Moon, BBO #652879__
ADDRESS __WADLAND & ACKERMAN, Two Dundee Park, Suite 304, Andover, MA 01810__
TELEPHONE NO. __978-474-8880__

(Coversheetlocal.wpd - 10/17/02)