UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID POIRIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. |
| ) | 05-10276DPW |
| STEPHEN C. LIMONE, ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S ANSWER AND JURY CLAIM

### FIRST DEFENSE

The defendant, Stephen C. Limone, states that the plaintiff's complaint fails to state a claim against him upon which relief can be granted.

### SECOND DEFENSE

The defendant hereby answers plaintiff's Complaint, paragraph by paragraph, as follows.

1. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraph 1 and, therefore, neither admits nor denies the same.

2. The defendant admits the allegations set forth in paragraph 2.

3. Paragraph 3 sets forth allegations of law to which no response is required by the defendant and, therefore, the defendant neither admits nor denies said allegations.

4. The defendant admits the allegations set forth in paragraph 4.

5. The defendant admits the allegations set forth in paragraph 5.

6. The defendant denies the allegations set forth in paragraph 6.

7. The defendant denies the allegations set forth in the first sentence of paragraph 7. As to the remaining allegations set forth in paragraph 7, said allegations

refer to the content of a document which speaks for itself and therefore, no response is required from the defendant to said allegations.

    8.    The defendant admits the allegations set forth in paragraph 8.

    9.    The defendant admits the allegations set forth in paragraph 9.

    10.    The defendant denies the allegations set forth in paragraph 10.

    11.    The defendant admits the allegations set forth in paragraph 11.

    12.    The defendant denies the allegations set forth in paragraph 12.

    13.    The defendant denies the allegations set forth in paragraph 13.

    14.    The defendant denies the allegations set forth in paragraph 14.

    15.    Paragraph 15 sets forth allegations of law to which no response is required by the defendant and, therefore, the defendant neither admits nor denies said allegations.

    16.    The defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraph 16 and, therefore, neither admits nor denies the same.

    17.    The defendant denies the allegations set forth in paragraph 17.

## **COUNT I**

    18.    The defendant repeats and reasserts his answers and defenses to paragraphs 1 through 17 of plaintiff's Complaint, as if fully set forth herein.

    19.    The defendant denies the allegations set forth in paragraph 19.

    20.    The defendant denies the allegations set forth in paragraph 20.

    21.    The defendant denies the allegations set forth in paragraph 21.

    22.    The defendant denies the allegations set forth in paragraph 22.

    23.    The defendant denies the allegations set forth in the first sentence of paragraph 23. The defendant admits that he drafted a "stock purchase agreement" on behalf of both the seller and buyer. The remaining allegations of paragraph 23 refer to the content of a document which speaks for itself and, therefore, no response is required by the defendant to said allegations.

24. The defendant denies the allegations set forth in the first sentence of paragraph 24. The allegations set forth in the second sentence of paragraph 24 refer to the content of a document which speaks for itself and, therefore, no response is required by the defendant to said allegations. The third sentence of paragraph 24 sets forth allegations of law to which no response is required by the defendant and the defendant, therefore, neither admits nor denies said allegations.

25. The defendant denies the allegations set forth in the first sentence of paragraph 25. The second sentence of paragraph 25 refers to the content of a document which speaks for itself and, therefore, no response is required by the defendant to said allegations.

26. The defendant denies the allegations set forth in paragraph 26.

27. The defendant denies the allegations set forth in paragraph 27.

28. The defendant denies the allegations set forth in paragraph 28.

29. The defendant denies the allegations set forth in paragraph 29.

30. The defendant denies the allegations set forth in paragraph 30.

31. The defendant denies the allegations set forth in paragraph 31.

32. The defendant admits the allegations set forth in paragraph 32.

33. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraph 33 and, therefore, neither admits nor denies the same.

34. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraph 34 and, therefore, neither admits nor denies the same.

35. The defendant admits the allegations set forth in paragraph 35.

36. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraph 36 and, therefore, neither admits nor denies the same.

37. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraph 37 and, therefore, neither admits nor denies the same.

Wherefore, the defendant denies that the plaintiff is entitled to any judgment, award or other relief against him.

## COUNT II

38.  The defendant repeats and reasserts his answers and defenses to paragraphs 1 through 37 of plaintiff's Complaint, as if fully set forth herein.

39.  The defendant admits the allegations set forth in paragraph 39.

40.  The defendant denies the allegations set forth in paragraph 40.

41.  The defendant denies the allegations set forth in paragraph 41.

42.  The defendant denies the allegations set forth in paragraph 42.

43.  The defendant denies the allegations set forth in paragraph 43.

Wherefore, the defendant denies that the plaintiff is entitled to any judgment, award or other relief against him.

## THIRD DEFENSE

By way of affirmative defense, the defendant states that the negligence of the plaintiff, or his agents or servants, was greater than the alleged negligence of the defendant and that such negligence of the plaintiff contributed to his alleged damages and, therefore, the plaintiff is barred from recovery under M.G.L. c. 231 §85.

## FOURTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff is guilty of contributory negligence, and that the damages, if any, recovered by the plaintiff from the defendant should be reduced in proportion to said negligence of the plaintiff in accordance with M.G.L. c. 231 §85.

## FIFTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff was himself negligent and, therefore, the plaintiff is barred from any recovery in this matter.

## SIXTH DEFENSE

By way of affirmative defense, the defendant states that if the plaintiff suffered damages as alleged, such damages were caused by someone or something for whose conduct the defendant is not and was not legally responsible.

## JURY CLAIM

The defendant, Stephen C. Limone, hereby demands trial by jury on all issues so triable.

        Respectfully submitted,
        The defendant,
        By his attorneys,
        **ADLER POLLOCK & SHEEHAN P.C.**

        /s/ Patrick T. Voke
        Patrick T. Voke, BBO #553033
        175 Federal St., 12th Floor
        Boston, Massachusetts  02110
        Tel:   (617) 482-0600
        Fax:   (617) 482-0604

*329905_1*